UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Ger Lee,<br><br>                    Petitioner,<br><br>v.<br><br>Immigration Enforcement Customs, ICE; and Department of Homeland Security, DHS<br><br>                    Respondents. | Case No. 16-cv-4270 (DSD/HB)<br><br><br>**REPORT AND RECOMMENDATION** |

HILDY BOWBEER, United States Magistrate Judge

## I.   Introduction

This matter is before the Court on the Petition of Ger Lee ("Petitioner") for a Writ of Habeas Corpus under 28 U.S.C. § 2241.  (Pet. [Doc. No. 1].)  Petitioner appears pro se, and Respondents are represented by Ana H. Voss and D. Gerald Wilhelm, Assistant United States Attorneys.  For the reasons that follow, the Court recommends that the Petition be dismissed without prejudice.

## II.   Background

### A.   Petitioner's Citizenship and Immigration Status

Petitioner was born in 1984 in Thailand.  (Pet'r's Ex. 1 at 4[1] [Doc. No. 10].)  He is now a citizen of Laos.  (*Id*.)  In 1987, Petitioner entered the United States, and in 1989,

---

[1] For consistency and convenience to the reader, the Court cites to the CM/ECF page numbers, not the page numbers assigned by the parties.

his status was adjusted to a lawful permanent resident. (*Id*. at 4, 11.) Petitioner shares a child with his ex-girlfriend Bao Vue. (*Id*. at 6.)

### B. Petitioner's Criminal History

On May 24, 2013, Petitioner was convicted in Wisconsin for domestic abuse against Bao Vue. (Resp'ts' Ex. 1 at 48-63, 68, 72 [Doc No. 7-1].) He was sentenced to ninety days of imprisonment. (*Id*. at 49.) On March 5, 2015, Petitioner was convicted in Minnesota of Second Degree Assault with a Dangerous Weapon. (*Id*. at 37, 68.) Petitioner was sentenced to twenty-one months of imprisonment. (*Id*. at 38.) Petitioner appealed that conviction, which was affirmed by the Minnesota Court of Appeals on April 11, 2016. (*Id*. at 23.) Petitioner's petition for further review was denied by the Minnesota Supreme Court on June 21, 2016. (*Id*. at 11.)

### C. The Removal Proceedings

On December 17, 2015, Petitioner was served with a Notice to Appear ("NTA") in a removal proceeding. (*Id*. at 9.) The NTA alleged that his 2013 conviction for domestic violence rendered him removable pursuant to 8 U.S.C. § 1227(a)(2)(E)(i). (*Id*.) On January 14, 2016, Petitioner admitted the allegations in immigration court. (Resp'ts' Ex. 2[2] at 14 [Doc. No. 7-2].) At a continued removal hearing on March 4, 2016, the Immigration Judge acknowledged Petitioner's case was complicated because Petitioner indicated fear toward returning to his home country (Laos), and because the appeal of the second conviction was still pending. (*Id*. at 24.)

---

[2] Respondents' Exhibit 2 spans both Document No. 7-2 and Document No. 7-3. The Court will include the Document No. in each citation to Exhibit 2 to guide the reader to the appropriate document and page number.

On March 15, 2016, Petitioner filed applications for relief from removal, including cancellation of removal, pursuant to 8 U.S.C. § 1229(b); for asylum, pursuant to 8 U.S.C. § 1158; challenging the withholding of removal, pursuant to 8 U.S.C § 1231(b)(3); and for relief under the United Nations Convention Against Torture. (Resp'ts' Ex. 1 at 11, 15; Resp'ts' Ex. 2 at 39 [Doc. No. 7-2].) On June 21, 2016, the Minnesota Supreme Court denied Petitioner's request for further review of his state conviction. (Resp'ts' Ex. 2 at 82-83 [Doc. No. 7-3].) On June 30, 2016, Petitioner informed the immigration court that his conviction in Minnesota for second-degree assault had become final because the Minnesota Supreme Court had denied his petition for review. (*Id*.)

On September 1, 2016, Petitioner was ordered removed from the United States to either Laos or Thailand. (Resp'ts' Ex.1 at 6-19.) The Immigration Judge determined that Petitioner's Wisconsin conviction was a crime of domestic violence, and thus, a proper basis for removal under § 1227(a)(2)(E)(i). (*Id*. at 8.) As a result of Petitioner's second criminal conviction, the Immigration Judge determined Petitioner was ineligible for cancellation of removal, asylum, and withholding of removal under 8 U.S.C. § 1231(b)(3) and the Convention Against Torture. (*Id*. at 12-16.)

Petitioner appealed his removal to the Board of Immigration Appeals ("BIA") on September 26, 2016. (*Id*. at 5.) On February 17, 2017,[3] the BIA dismissed Petitioner's appeal; the dismissal of his petition finalized his removal. (Pet'r's Ex. 1 at 86-89.)

---

[3] In the meantime, Petitioner had commenced this habeas proceeding on December 20, 2016.

On March 13, 2017, Petitioner filed a "Notice of Appeal" with this Court that indicated he was attempting to appeal an unidentified order that had been entered on February 17, 2017. (Notice of Appeal [Doc. No. 11].) No order had been issued in this case on that date, however, nor was there any order related to the Petition that would have been subject to appeal. But given that the BIA decision was dated February 17, 2017, and that the "Summary" attached to the Notice of Appeal referred almost exclusively to the BIA decision, this Court determined that Petitioner probably had intended to file an appeal of the BIA decision. Thus, on March 16, 2017, this Court entered an order directing that the Notice of Appeal be forwarded to the Eighth Circuit Court of Appeals. [Doc. No. 13.] Petitioner confirmed in a letter dated March 22, 2017, that it had been his intent to appeal the BIA decision to the Eighth Circuit Court of Appeals. [Doc. No. 16.]

Petitioner filed his opening brief in support of his appeal in the Eighth Circuit Court of Appeals on April 21, 2017; Respondent filed a response on May 22, 2017; and Petitioner filed a reply brief on June 13, 2017. (*See* Docket, *Lee v. Sessions*, Case No. 17-1580 (8th Cir. filed Mar. 30, 2017.) The appeal remains pending.

### D.   The Detention Proceedings

On December 17, 2015, ICE took Petitioner into immigration custody pursuant to § 1226(a). (Resp'ts' Ex. 1 at 73.) On January 5, 2016, an Immigration Judge determined that Petitioner could be released from custody on a $5,000 bond. (*Id.* at 65.) Petitioner chose not to post his bond, however, stating that he preferred to remain in custody. (Resp'ts' Ex. 2 at 30-31, 52-53 [Doc. No. 7-2].) On June 13, 2016, ICE determined that Petitioner should be detained, presumably under 8 U.S.C. § 1226(c) because his

conviction for Second Degree Assault with a Dangerous Weapon had been upheld by the Minnesota Court of Appeals. (*See* Resp'ts' Ex. 1 at 22.) An Immigration Judge reviewed the custody decision on June 30, 2016, and upheld ICE's determination that custody was appropriate, finding that Petitioner was no longer eligible for bond because of his conviction for assault in the second degree. (*Id.* at 21; Resp'ts' Ex. 2 at 98 [Doc. No. 7-3].)

When Petitioner's removal order became final on February 17, 2017, his detention was then authorized for an additional ninety-day period under 8 U.S.C. § 1231(a)(2) ("During the [ninety-day] removal period, the Attorney General shall detain the alien"). Upon the expiration of that ninety-day period, the authority for Petitioner's detention became 8 U.S.C. § 1231(a)(6) ("An alien ordered removed . . . may be detained beyond the [ninety-day] removal period"). This is the statute under which he is presently detained. On May 17, 2017, ICE informed Petitioner via letter that it had reviewed his custody and had determined he should continue to be detained for the safety of the community. (Pet'r's Suppl. Ex. 1 [Doc. No. 19-1].)

### E. Petition for a Writ of Habeas Corpus

On December 20, 2016, Petitioner filed the instant Petition. He presents four grounds for relief: (1) his detention has been unnecessarily prolonged, in violation of *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001); (2) his due process rights have been violated; (3) his rights under the Speedy Trial Act have been violated; and (4) Respondents have not afforded him a bond hearing.

On February 6, 2017, Respondents filed their response to the Petition. [Doc. No. 6.] On March 8, 2017, Petitioner filed a reply, addressing his continued detention after his removal order had become final. [Doc. No. 9.] Petitioner filed additional materials on May 23, 2017, and May 30, 2017, including an ICE Decision to Continue Detention dated May 17, 2017. [Doc. Nos. 18, 19.] That Decision advised Petitioner that his case would be referred to Headquarters Removal and International Operations for a determination of removability, and if Petitioner was not released or removed by August 16, 2017, he would receive another custody review.

### III.   Discussion

As applicable here, 28 U.S.C. § 2241 provides that a "writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). An individual may challenge his ongoing immigration detention pending removal through a § 2241 petition. *See Zadvydas*, 533 U.S. at 699.

####   A.   *Zadvydas* Claim

Petitioner has been ordered removed from the United States. ICE is typically required to secure the removal of aliens such as Petitioner within ninety days. 8 U.S.C. § 1231(a)(1)(A); *Zadvydas*, 533 U.S. at 682. The removal period begins on the latest of the following:

(i)   The date the order of removal becomes administratively final.

(ii)   If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

*Id*. § 1231(a)(1)(B). The relevant federal regulation provides that:

> An order of removal made by the immigration judge at the conclusion of the proceedings under section 240 of the Act shall become final:
>
> > (a) Upon dismissal of an appeal by the Board of Immigration Appeals;
> >
> > (b) Upon waiver of appeal by the respondent;
> >
> > (c) Upon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time;
> >
> > (d) If certified to the Board or Attorney General, upon the date of the subsequent decision ordering removal; or
> >
> > (e) If an immigration judge issues an alternate order of removal in connection with a grant of voluntary departure, upon overstay of the voluntary departure period, or upon the failure to post a required voluntary department bond within 5 business days. If the respondent has filed a timely appeal with the Board, the order shall become final upon an order of removal by the Board or the Attorney General, or upon overstay of the voluntary departure period granted or reinstated by the Board or the Attorney General.

8 C.F.R § 1241.1. Pursuant to 8 U.S.C. § 1231(a)(2), ICE must detain the alien during the ninety-day post-removal-order period. Even if the ninety-day period has run, the government has discretion under § 1231(a)(6) to detain certain aliens beyond the period:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

7

8 U.S.C. § 1231(a)(6); *see Bah v. Cangemi*, 489 F. Supp. 2d 905, 915 (D. Minn. 2007) ("The language of § 1231(a)(6) is permissive, not restrictive.  Nowhere does the language limit the government's ability to detain aliens after the 90-day removal period has run.").

In *Zadvydas*, however, the Supreme Court held § 1231(a)(6) did *not* permit indefinite detention, but rather only detention "reasonably necessary to bring about the alien's removal from the United States."  533 U.S. at 689-90.  The *Zadvydas* Court held it is "presumptively reasonable to keep an alien subject to a final removal order in custody for a total of six months."  *Bah*, 489 F. Supp. 2d at 916 (citing *Zadvydas*, 533 U.S. at 701).  Thus, to state a habeas claim under *Zadvydas*, the six-month period considered "presumptively reasonable" must have expired before the petition is filed.  *See Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) (per *curiam*) ("A petition filed before the expiration date of the presumptively reasonable six months of detention [prescribed by Zadvydas] is properly dismissed as premature.").

Consequently, Petitioner is not now entitled to federal habeas relief for prolonged detention, nor have his rights been violated because of prolonged detention.  Petitioner's ninety-day removal period began on February 17, 2017, when the BIA dismissed his appeal.  The ninety-day removal period concluded on May 18, 2017, when Petitioner became detained pursuant to § 1231(a)(6).  Therefore, his detention is presently still within the presumptively reasonable six-month period adopted in *Zadvydas*.

Moreover, the *Zadvydas* court did not construe the six-month mark as a red line, beyond which "every alien not removed must be released."  *See* 533 U.S. at 701.  Rather, "[a]fter this six-month period, once the alien provides good reason to believe there is no

8

significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* As a result, even if this Court found Petitioner had met his burden, Respondents would be afforded an opportunity to respond to Petitioner's claims, regardless of whether his detention exceeded the six-month guideline. Still, this Court recognizes that as "the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely [shrinks]." *Id.* Because future circumstances may affect the reasonableness of Petitioner's continued detention, the Court recommends that this claim be dismissed as premature, without prejudice.[4]

### B. Due Process and Bond Hearing Claims

Petitioner next contends his Fifth Amendment rights to procedural due process were violated because he did not receive a bond hearing within six months of his bond hearing on June 30, 2016. (Pet. at 8.) Petitioner argues that the Ninth Circuit's decision in *Rodriguez v. Robbins*, 804 F.3d 1060 (9th Cir. 2015), *cert. granted sub nom. Jennings v. Rodriguez*, 136 S. Ct. 2489 (2016) entitled him to a bond hearing six months after his bond hearing on June 30, 2016.

This Court recognizes that under the reasoning articulated in *Rodriguez*, Petitioner would have been entitled to a bond hearing prior to ICE's review of his custody on May 17, 2017. Nevertheless, this Court concludes that Petitioner's procedural due

---

[4] This Court acknowledges Petitioner's concerns about whether it is possible for ICE to remove him to his home country, in light of his belief that there is no repatriation agreement with Laos, the country of his citizenship, and he may no longer be a citizen of Thailand, the country of his birth. However, such concerns are not yet ripe for this Court to consider.

9

process rights were not violated, for the following three reasons.  First, *Rodriguez* is not the law in the Eighth Circuit, and the Supreme Court has not yet decided *Jennings*. Second, Petitioner does not actually ask this Court to grant him a bond hearing, which was the remedy granted in *Rodriguez, see* 804 F.3d at 1090.  Instead, Petitioner simply contends his constitutional rights were violated.  Third, on May 17, 2017, Petitioner's detention was, in fact, reviewed, and he was notified by ICE that he was to remain in custody because he was a threat to the community.  (Pet'r's Suppl. at 1 [Doc. No. 19-1].) Accordingly, Petitioner was not deprived of procedural due process.  *See Moses v. Lynch*, No. 15-cv-4168 (PAM/JJK), 2016 WL 2636352, at *4 (D. Minn. Apr. 12, 2016), *R. & R. adopted*, 2016 WL 2596020 (D. Minn. May 5, 2016).

Based on the present record, the Court cannot conclude Petitioner's due process rights were violated or that he is entitled to a bond hearing at this time.  However, because circumstances may change, the Court recommends these habeas claims be dismissed without prejudice.

### C.   Speedy Trial Act Violation Claim

Finally, Petitioner contends his rights under the Speedy Trial Act have been violated.  He objects to the length of the deportation proceedings, arguing that because "the sole purpose of detention [has been] to provide time for criminal investigation," his prolonged detention has just been a ruse for the government to detain him.  (Pet'r's Resp. at 23-24 [Doc. No. 9].)  The Speedy Trial Act typically does not apply to deportation proceedings.  *United States v. Grajales-Montoya*, 117 F.3d 356, 366 (8th Cir. 1997) (citing *United States v. Cepeda-Luna*, 989 F.2d 353, 357 (9th Cir. 1993).  An exception

exists if there is evidence of collusion between federal criminal authorities and civil officials to detain a defendant as a "ruse to evade the Speedy Trial Act." *Id*. Petitioner has not provided any evidence of collusion here. There is nothing in the record to suggest a criminal investigation is taking place, and his civil deportation proceedings were not delayed while the Minnesota criminal conviction was finalized. Thus, this claim should be dismissed with prejudice.

### IV.     Recommendation

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Petitioner Ger Lee's Petition under 28 U.S.C. § 2241 for Writ of Habeas Corpus [Doc No. 1] be **DISMISSED WITHOUT PREJUDICE** as to his *Zadvydas*, procedural due process, and bond hearing claims; and **DISMISSED WITH PREJUDICE** as to his Speedy Trial Act claim.


Dated:  July 21, 2017                     s/ *Hildy Bowbeer*
                                              HILDY BOWBEER
                                              United States Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).